FILED
2018 Feb-14 AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **LENA CAVES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:16-CV-1903-VEH |
| | ) |
| **NANCY BERRYHILL,** *Acting Commissioner Social Security Administration*, | ) |
| | ) |
| **Defendant**. | ) |

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff Lena Caves ("Caves") brings this action under 42 U.S.C. § 405(g). Caves seeks a review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for disability insurance benefits ("DIB"). Caves filed her application on September 3, 2013. (Tr. 20). After that, Caves pursued and exhausted the administrative remedies available before the Commissioner. Caves filed her Complaint in the Northern District of Alabama on November 28, 2016. (Doc. 1). Caves filed her brief in support of her position on July 3, 2017. (Doc. 12). The Commissioner responded on August 1, 2017. (Doc. 13). Caves replied on August 18, 2017. (Doc. 14). This case is now ripe for

judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

The Court carefully reviewed the record in this case and **AFFIRMS** the ALJ's decision.

## II. RELEVANT BACKGROUND

The amended alleged onset date is September 3, 2013. (Tr. 20). Caves suffers from "obesity[,] non-insulin dependent diabetes mellitus[,] hypertension[,] osteoarthritis of the hips[,] and vertigo." (*Id.* at 22) (emphasis omitted). On September 3, 2013, Caves filed an application for Social Security benefits. (*Id.* at 20). The Social Security Administration denied that application. On May 26, 2015, Administrative Law Judge L.K. Cooper, Jr. held a hearing. (*Id.* at 32-47). The ALJ issued his decision on September 24, 2015, which was unfavorable to Caves. (*Id.* at 20-27). In that opinion, the ALJ found that Caves did not meet the disability standard at Steps Three and Four. (*Id.* at 24, 26). Caves requested the Appeals Council review her claim. (*Id.* at 1-3). They refused. (*Id.*).

## III. STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act

and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

(2)  whether the claimant has a severe impairment;

(3)  whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)  whether the claimant can perform his or her past work; and

(5)  whether the claimant is capable of performing any work in the

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V. FINDING OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since September 3, 2013, the amended alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: obesity; non-insulin dependent diabetes mellitus; hypertension; osteoarthritis of the hips; and vertigo (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 2 hours at a time 6 hours in an 8 hour workday with regular breaks; stand or walk 2 hours at a time 6 hours in an 8 hour workday with regular breaks; would be on task at least 90% of the work time during the workday, and would be able to constantly understand, remember and carry out simple instructions and use judgment equal to the task; maintain appropriate concentration, persistence and pace required by the task; constantly respond appropriately to usual work situations and customary work pressures; constantly respond appropriately to supervision and co-workers; constantly deal appropriately with changes in a routine work setting; be present with the public with constant interaction; handle and finger frequently bilaterally; reach frequently bilaterally; feel constantly bilaterally; bend occasionally; kneel occasionally; balance occasionally; crouch occasionally; stoop occasionally; never crawl; climb occasionally; climb stairs and ramps occasionally but never climb other types of things; no environmental limitations; no significant limitations talking, hearing, tasting, smelling, or vision; and would miss on average no more than 8 hours of work per month.

6. The claimant is capable of performing past relevant work as an Escort Driver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 3, 2013, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 22-27) (emphasis omitted).

## VI. ANALYSIS

Caves has eight[2] different assignments of error on appeal. None of them merit a reversal, but all of them received individual attention from the Court. The Court found the Commissioner's groupings of these issues helpful, and so this opinion addresses them in a similar fashion.

### A. There Is No Error Stemming From the Appeals Council's Consideration of the New Evidence.

This section addresses Caves's **seventh** argument. Caves argues that the Appeals Council did not properly evaluate the new evidence submitted to them. (*See* Doc. 12 at 36-38).[3] Caves characterizes the Appeals Council's review as being

---

[2] Caves dropped her **first** argument in her reply. (*See* Doc. 14 at 1) ("Counsel withdraws the first issue.").

[3] The Appeals Council denial states, in part:

**What We Considered**

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2).

7

"purely conclusory" and "'perfunctory adherence' to the ALJ['s] decision." (*See id.*). In support, Caves relies on *Epps v. Harris* and *Ingram v. Commissioner*. (*See id.*) (citing *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980); *Ingram v. Commissioner*, 496 F.3d 1253 (11th Cir. 2007)). The Commissioner notes the general rule in *Ingram* but argues that this case is "indistinguishable" from *Parks* and *Mitchell*. (*See* Doc. 13 at 10) (citing *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847 (11th Cir. 2015); *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780 (11th Cir. 2014)). The Court agrees that this case is analogous to the situation in *Parks* and *Mitchell*.[4]

In *Parks*, the claimant introduced new evidence to the Appeals Council after the ALJ denied benefits. *See Parks*, 783 F.3d at 849-850. Then, "[t]he Appeals Council added Parks's new evidence to the record and considered it, but the Appeals Council 'found no reason under [its] rules to review the ... decision.'" *See id.* at 850. Writing for the panel, Judge Pryor noted that this case was "indistinguishable from that of the claimant in *Mitchell*." *See id.* at 852-53. Importantly, "there is no requirement that 'the Appeals Council ... provide a detailed discussion of a claimant's new evidence when denying a request for review.'" *See id.* at 853 (quoting *Mitchell*, 771 F.3d at 783).

---

[4] Caves completely failed to respond to *Parks* and *Mitchell* in her reply. (*See* Doc. 14 at 12).

Additionally, the *Parks* court noted that *Epps* is a different situation because in *Epps* "the Appeals Council *affirmed* the decision of the administrative law judge." *See id.* (citing *Mitchell*, 771 F.3d at 783) (emphasis as it appears). Here, the Appeals Council denied review, like in *Parks*. (Tr. 1-3); *see Parks*, 783 F.3d at 850. The *Ingram* decision does not contradict this position, and it was even authored by Judge Pryor as well. *See Ingram*, 496 F.3d at 1257. Guided by *Parks* and *Mitchell*, this Court is satisfied that there is no error on this point.

Further, even if there was an error stemming from the Appeals Council's consideration of the evidence (and there clearly was not), Caves has failed to show the harm that stemmed from it. (*C.f.* Doc. 13 at 7-8) (noting the limited treatment in the medical records); (*c.f. also id.* at 10) (noting that "[Caves] failed to show, or even argue, that the evidence submitted to the Appeals Council, when considered with the record as a whole, rendered the ALJ's decision erroneous."). In other words, had the Appeals Councils engaged in a detailed written opinion regarding the record, its not clear that it would have changed their decision. For these reasons, there is no error under the seventh argument.

**B.   There Is No Error Stemming From the Step Four Determination.**

This section addresses Caves's second, third, fourth, and eighth arguments. Caves's **second** argument is that the ALJ's decision was not based on substantial

9

evidence. (Doc. 12 at 13). She argues this is even more clear when the evidence submitted to the Appeals Council is considered. (*Id.*). Specifically, she objects to the ALJ's hypothetical question asked to the vocational expert. (*Id.* at 13-14). She argues that the hypothetical relied on by the ALJ did not reflect her condition. (*Id.* at 14). She further argues that when the hypothetical did reflect her condition, then the vocational expert said she could not perform any job. (*Id.*) (citing Tr. 44-45). Finally, she points to the records from Cooper Green Mercy Hospital as proving that the ALJ's decision is not supported by substantial evidence. (*Id.* at 15).

However, the Commissioner points out that Caves did not cite to the record to say why the first hypothetical was unsupported and the second hypothetical was. (*See* Doc. 13 at 12). The Court agrees, and Caves fails to adequately rectify this omission in her reply. (*See* Doc. 14 at 4-5). Upon reviewing the record, the Court cannot say that the hypothetical is unsupported by the record.

Moreover, much of Caves's reply is a recitation of the medical records from Cooper Green Mercy Hospital. (*See* Doc. 14 at 2-5). However, the ALJ already considered the evidence from Exhibit 10F. (Tr. 20). The Appeals Council considered the evidence from Exhibit 11F. (Tr. 2-4). This Court is not tasked with re-weighing evidence, and these records are not enough to merit a reversal of the ALJ's findings. *See Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the

evidence, or substitute our judgment for that of the Secretary"). For the aforementioned reasons, there was no error on this point.

Caves's **third** argument is that the ALJ erred in finding that Caves could perform her past relevant work. (*See* Doc. 12 at 15). Caves believes that "[t]he ALJ did not consider all of the duties of [her] past work and evaluate [her] ability to perform those duties in spite of the impairments." (*See id.*). She also says that the past relevant work determination "is not supported by substantial evidence." (*See id.*). In support, Caves cites to numerous cases from the Eleventh Circuit and district courts in the Eleventh Circuit. (*See id.* at 15-19). However, she fails to apply those cases to the present situation. In other words, she purports to articulate the rule while generally neglecting to apply it in this case. The Commissioner notes this inadequacy as well. (*See* Doc. 13 at 13).

The Court is unpersuaded that this case is sufficiently analogous to the cited authorities in Caves's brief. In this case, the record contains ample evidence surrounding Caves's work experience. (*See* Tr. 28-31). Specifically, the Work History Report details Caves's work as an escort driver. (*Id.* at 126-28). Caves herself filled out the form. (*Id.* at 131). Additionally, at the hearing, the ALJ utilized a vocational expert who discussed the "escort driver" job. (*Id.* at 41-42). He noted this in his opinion as well. (*Id.* at 26). Ultimately, the ALJ determined that "[Caves] is able to

11

perform past relevant work as actually and generally performed in the economy." (*Id.* at 27). For this reason, there was no error regarding the record surrounding the escort driver position. The ALJ's determination is supported by substantial evidence, and there is no error under the third argument.

Caves's **fourth** argument is that the RFC determination violates SSR 96-8p[5] and is unsupported by substantial evidence. (*See* Doc. 12 at 19). The Court disagrees.

Caves cites to some of her medical records to argue that the RFC is inconsistent with them. (*See id.* at 20). However, this Court does not reweigh the evidence, and the Commissioner detailed opinion is supported, at the very least, by substantial evidence. (Tr. 24-26) (noting the evidence supporting his determination). Caves cites to the Eleventh Circuit in *Walker v. Bowen* to argue that this current case is analogous. (*See* Doc. 12 at 22-23) (citing *Walker v. Bowen*, 826 F.2d 996 (11th Cir.

---

[5] SSR 96-p states in relevant part:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p (internal footnote omitted).

1987)). However, Social Security cases are necessarily very fact-specific undertakings. Here, unlike in *Walker*, the ALJ's adequately articulated findings are supported by substantial evidence. (*See* Tr. 24-26).

Caves argues that the RFC was conclusory, in violation of SSR 96-8p. (*See* Doc. 12 at 20-23). The Court disagrees. In fact, the RFC finding contains numerous limitations noted by the ALJ. (Tr. 24). Its clear from his detailed RFC and opinion that the ALJ considered Caves's limitations. (*Id.* at 24-26); (*See also* Doc. 13 at 14). The ALJ considered the record and provided a discussion about his finding in the paragraphs immediately following that finding. (*See* Tr. at 24-26). To say that the ALJ "simply states that the Claimant is not credible and assigns a conclusory RFC" as Caves did in her reply, is to entirely ignore what the ALJ wrote in his opinion. The Court declines to do so here.

Caves argues that the ALJ erred because "there was no physical capacities evaluation by a treating or examining physician in [her] case." (Doc. 12 at 21) (emphasis omitted). In support, Caves cites to two district court cases. (*Id.*) (citing *Thomason v. Barnhart*, 344 F. Supp. 2d 1236 (N.D. Ala. 2004); *Coleman v. Barnhart*, 264 F. Supp.2d 1007 (S.D. Ala. 2003)). The Court finds neither case persuasive. Rather, this Court agrees with the analysis set forth in *Langley v. Astrue*. (*See* Doc. 13 at 14) (citing *Langley v. Astrue*, 777 F. Supp. 2d 1250 (N.D. Ala. 2011)). In

*Langley*, the court stated:

> In an unpublished decision, the Eleventh Circuit has implicitly refused to adopt the First Circuit Rule. In *Green v. Social Security Administration*, the court found the ALJ had properly refused to credit a Physical Capacities Evaluation ("PCE") from claimant's treating physician. 223 Fed.Appx. 915, 922–23 (11th Cir.2007). The court rejected claimant's argument that without the PCE, there was nothing in the record upon which the ALJ could base his RFC finding. *Id.* at 923. The court held that other evidence from the plaintiff's doctors (which did not contain a PCE or RFC assessment) was sufficient to support the ALJ's finding that the claimant could perform light work. *Id.* at 923–24.
>
> Therefore, the court concludes that the law of this Circuit does not required an RFC from a physician. It is also unlikely, based upon unpublished decisions, that the Eleventh Circuit would adopt the First Circuit Rule if the issue were to be presented in a future appeal.

*Langley*, 777 F. Supp. 2d at 1258; *see also Hart v. Colvin*, No. 5:12cv156/EMT, 2013 WL 4736841, *14 (N.D. Fla. Aug. 30, 2013) ("This court further notes that courts in numerous other cases have also disagreed with the conclusions in *Coleman* and *Thomason*, recognizing that an ALJ's RFC determination may be upheld even when there is no RFC assessment by a treating or examining physician."). The ALJ determines the RFC, not a doctor. *See Langley*, 777 F. Supp. 2d at 1261 ("Under the Commissioner's regulations, an RFC is not considered to be a medical assessment.").

Caves's reply on her second argument is an almost verbatim restatement of her opening brief. (*See* Doc. 14 at 7-8). The Court found it unpersuasive the second time around as well. There is no error under the fourth argument.

Caves's **eighth** argument is that "[t]he ALJ should have considered sedentary work and the grids" because "[Caves] was 54 at the time of the hearing with an 8[th] grade education." (*See* Doc. 12 at 38). In support, Caves relies primarily on several district court decisions. (*See id.* at 38-40).Caves argued that the step four determination was not supported by substantial evidence and so the Grids should have been consulted. (*See id.*). The Commissioner's response is short and succinct. (*See* Doc. 13 at 15). Basically, the Commissioner argues the ALJ determined Caves could perform her past relevant work at step four, he did not need to use the Grids. (*See id.*) (citing 20 C.F.R. § 404.1520). The Court agrees.

For the reasons stated throughout this opinion, Caves has failed to show that the ALJ's findings were not supported by substantial evidence. Further, the Grids are something that are considered at step five, not step four.[6] *See Phillips v. Barnhart*, 357 F.3d 1232, 1238-40 (11th Cir. 2004) (describing the five step process and noting how the Grids are one of the two methods an ALJ can use at step five); 20 C.F.R. Pt. 404, Subpt. P, App. 2. Caves's brief, and cited sources, fails to persuade the Court otherwise. For these reasons, Caves's eighth argument fails.

### C. The ALJ Did Not Err in Evaluating Caves's Credibility.

This section addresses Caves's fifth and sixth arguments. In her **fifth** argument,

---

[6] Caves could not prove her disability at Step Four. (Tr. 26-27).

Caves argues that "the ALJ failed to assess the intensity and persistence of claimant's symptoms pursuant to Social Security Ruling 16-3p which became effective 3/28/16. The rule modification is retroactive." (Doc. 12 at 23) (emphasis omitted). In support, Caves cites to numerous cases to support the proposition that the rule is retroactive. (*See id.* at 29-32). The Commissioner responds by noting that an unreported Eleventh Circuit panel held that SSR 16-3p was not retroactive. (*See* Doc. 13 at 15-16) (citing *Green v. Soc. Sec. Admin., Comm'r.*, 695 F. App'x 516 (11th Cir. 2017).

Caves replied by arguing that the Eleventh Circuit got it wrong and this case "is not precedent." (*See* Doc. 14 at 8) (arguing that "[t]he Eleventh Circuit follows the *Bradley* Rule of Retroactive Application"). Caves put the Court on notice that *Hargress v. Berryhill* was on appeal before the Eleventh Circuit and that it dealt with the retroactive application of 16-3p. (*See* Doc. 14 at 10). The Eleventh Circuit decided that case on November 6, 2017, after Caves filed her reply. *See Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1290 (11th Cir. 2017). It is reported, binding appellate court precedent. It states that "SSR 16-3p applies only prospectively and does not provide a basis for remand." *See id.* at 1290. For that reason, Caves's fifth argument fails.

Caves's **sixth** argument is that "[t]he ALJ failed to state adequate reasons for finding [her] not credible." (Doc. 12 at 2). In support, Caves cites to general case law

in the Eleventh Circuit. (*See id.* at 32-34). In support, Caves has a lengthy citation to her hearing testimony and the testimony of the vocational expert. (*Id.* at 34-35). The Commissioner responds by noting where "the ALJ properly described and applied the pain standard." (Doc. 13 at 16-19). The Commissioner also notes that Caves did not identify evidence supporting her position. (*Id.* at 17).

The Court finds that the ALJ adequately laid out the reasons for finding Caves not credible. (Tr. 25-26). He considered the longitudinal medical record, discussed her mental condition, discussed her obesity, and considered her testimony. (*Id.*). He spent time detailing why her complaints were not all buttressed by the medical record. (*Id.*). The ALJ came to a determination different from the one Caves would have liked, but his reasons are still adequate. Further, Caves's opening brief mainly relies on her own testimony and an excerpt from the vocational expert's testimony. (*See* Doc. 12 at 34-36). Caves generally restates her opening brief in her reply. (*See* Doc. 14 at 10-12). Much of the reply consists of standard citations to case law, without making a discernable attempt to apply it here. (*See id.*). This Court is aware of the relevant case law surrounding Social Security cases. What the Court is really interested in is how an application of that law mandates that this Court overturn the ALJ's decision. In other words, that law must be applied to the facts of this case, and Caves's reply falls short on that account. (*See id.*).

The ALJ did not err in finding Caves not credible. His opinion is supported by substantial evidence. For that reason, there is no error under Caves's sixth argument.

## VII. CONCLUSION

The Court has undertaken a detailed review of the record and all of Caves's numerous arguments. None of them merit a reversal. In conclusion, there simply is no basis on which to disturb the ALJ's decision. Accordingly, the Commissioner's decision is **AFFIRMED**.

**DONE** and **ORDERED** this the 13th day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge